**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

SKY VAPORS, LLC D/B/A THE VAPOR ROOM,

                Plaintiff,

       v.                                14-CV-01078-A
                                              **ORDER**

SALLY A. BLAZYNSKI A/K/A
SALLY A. BIAZYNSKI D/B/A THE VAPOR ROOM,

                Defendant.
_____

On November 13, 2015, the Court granted Plaintiff's motion for default judgment in this trademark infringement case.  *See* Docket 10.  In its order granting Plaintiff's motion, the Court permitted Plaintiff to serve Defendant with post-default discovery requests "in order to ascertain the amount of [Plaintiff's] recoverable damages from Defendant."  *Id.* at 2.  Plaintiff did so on December 22, 2015 by serving Defendant with interrogatories and requests for document production.  *See* Docket No. 11-3.

After Defendant failed to respond to Plaintiff's discovery requests, the Court granted Plaintiff's motion to compel.  *See* Docket No. 14.  In addition to compelling Defendant to respond to Plaintiff's discovery requests, the Court's order advised Defendant that her "failure to comply with [the Court's] Order **MAY BE TREATED AS CONTEMPT OF COURT.**"  *Id.* at 3 (emphasis in original).  The Court's order also held in abeyance Plaintiff's motion for attorneys' fees.  The Court ordered, however, that Plaintiff "may renew its fees motion if Defendant has neither responded, nor made a good faith effort to respond, to Plaintiff's discovery requests within 30 days of Plaintiff's service of this Order on Defendant."  *Id.*  Finally, the Court's order stated that, "in the

event Plaintiff renews its motion for attorneys' fees . . . Defendant shall, within 21 days

of Plaintiff renewing its motion, show cause why the Court should not grant Plaintiff's

renewed motion for attorneys' fees." *Id.*

Plaintiff has since renewed its motion for attorneys' fees. *See* Docket No. 16.

Plaintiff states that Defendant has not responded to any of Plaintiff's discovery requests,

despite being personally served with a copy of this Court's compulsion order. *See*

Docket No. 16-3 (Affidavit of Service). Plaintiff seeks the $1,411 in attorneys' fees it has

incurred in bringing its motion to compel. Plaintiff also seeks an order holding

Defendant in contempt; an order "sanction[ing] Defendant, and award[ing] to Plaintiff,

the additional amount of $5,000 in light of Defendant's bad faith conduct to date"

(Docket No. 16-1 ¶ 10); and an order setting "a date on which the Court will, pursuant to

its order granting Plaintiff's motion for default judgment . . . address plaintiff's additional

requests for relief including requests for damages, attorney's fees and injunctive relief."

*Id.* (quotation marks omitted).

The Court grants Plaintiff's motion for the attorneys' fees it incurred in bringing its

motion to compel. Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a court

grants a motion to compel, "the court *must*, after giving an opportunity to be heard,

require the party . . . whose conduct necessitated the motion . . . to pay the movant's

reasonable expenses incurred in making the motion, including attorney's fees."

(emphasis added). The Rule also contains three exceptions: a court "must not" order

payment of fees if (1) the movant did not, before seeking fees, make a "good faith effort

to obtain the disclosure or discovery without court action"; (2) the "opposing party's

nondisclosure was substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

The first exception does not apply here, as Plaintiff made a good faith effort to obtain discovery from Defendant without court intervention. *See* Docket No. 13 ¶ 2. The Court has no basis to conclude that the second and third exceptions apply because, as noted, Defendant has not responded to either of the Court's two orders requiring her to do so. *See* Docket No. 14 at 3; Docket No. 17.[1] The Court has therefore given Defendant ample opportunity to be heard. Having received no response, the Court "must" grant Plaintiff's motion for fees. Fed. R. Civ. P. 37(a)(5). The Court finds that the total amount of attorneys' fees Plaintiff seeks—$1,411—is reasonable and therefore awards Plaintiff that amount. As ordered below, Defendant shall pay Plaintiff $1,411 within 30 days of the date of this Order.

As noted, Plaintiff also seeks several other forms of relief, including an injunction, damages, sanctions, and a contempt order. A court "may issue an injunction on a motion for default judgment upon a showing by the moving party that it is entitled to injunctive relief under the applicable statute, and that it meets the prerequisites for the issuance of an injunction." *Broadcast Music, Inc. v. Bay Street Corp.*, No. 09 Civ. 5056 (BMC), 2010 WL 1329078 (E.D.N.Y. Apr. 5, 2010). Plaintiff has previously set forth the reasons why it believes it is entitled to injunctive relief against Defendant. *See* Docket No. 8-1. The Court will now take Plaintiff's arguments under advisement. Within 30 days of the date of this Order, Plaintiff shall file a proposed order granting the injunctive relief Plaintiff seeks. Further, given Defendant's repeated failure to comply with Court

---

[1] Plaintiff has filed an affidavit of service showing that both of the Court's orders directing Defendant to respond to Plaintiff's renewed fees motion were personally served on Defendant. *See* Docket No. 18.

orders in this case, the Court will entertain a request by Plaintiff to retain jurisdiction for at least a limited period of time to ensure compliance with the Court's injunction. After Plaintiff submits a proposed injunction, Defendant shall have 14 days to show cause why the Court should not grant Plaintiff's request.

As noted, Plaintiff also seeks damages. Rule 55(b)(2)(B) provides that, after a party moves for default judgment, "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Second Circuit has held, however, that "it is not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). Defendant's failure to respond to Plaintiff's discovery requests likely makes it difficult for Plaintiff to estimate its damages, but the Court will still entertain a request for damages, provided Plaintiff can make a showing that will allow the Court "to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). If Plaintiff chooses to seek damages, its request should be filed within 30 days of the date of this Order. After Plaintiff submits its request for damages, Defendant shall have 14 days to show cause why the Court should not grant Plaintiff's request. At that time, the Court will also consider whether any further relief is appropriate.

For the reasons stated above, it is:

**ORDERED** that Defendant shall pay Plaintiff $1,411 in attorneys' fees within 30 days of the date of this Order;

4

It is **FURTHER ORDERED** that within 30 days of the date of this Order, Plaintiff shall submit a proposed order granting Plaintiff's request for injunctive relief;

It is **FURTHER ORDERED** that within 30 days of the date of this Order, Plaintiff may submit a request for damages;

It is **FURTHER ORDERED** that Plaintiff shall promptly serve a copy of its proposed injunction, as well as its request for damages (if Plaintiff seeks damages), on Defendant personally and shall thereafter file proof of service with the Court;

It is **FURTHER ORDERED** that Defendant shall, within 14 days of service of Plaintiff's proposed injunction and damages request, show cause why the Court should not grant Plaintiff's request(s);

It is **FURTHER ORDERED** that the Court holds in abeyance Plaintiff's other requests for relief; and

It is **FURTHER ORDERED** that Plaintiff shall promptly serve a copy of this Order on Defendant personally and shall thereafter file proof of service with the Court.

**SO ORDERED.**

Dated: November 4, 2016                    ___*s/Richard J. Arcara*_____
         Buffalo, New York                     HONORABLE RICHARD J. ARCARA
                                               UNITED STATES DISTRICT JUDGE

5